UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDELMIN AVILA-ALVAREZ,

        Plaintiff,

-against-

NEW YORK CITY POLICE OFFICER VINCENT DESANTIS,

        Defendant.

Index No.: CV 15-03740-JFB-AKT
Dated filed:

**SUPPLEMENTAL SUMMONS**

Plaintiff designates SUFFOLK County as the place of trial.

The basis of venue is: Plaintiff's residence.

Plaintiff resides at:
7 Ronek Drive
Amityville, NY, 11701
County of Suffolk

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Hauppauge, New York
       August 19, 2015

FERRO, KUBA, MANGANO, SKLYAR, P.C.
BY: Rebecca J. Fortney
Attorneys for Plaintiff
825 Veterans Highway
Hauppauge, NY 11788
(631) 581-9494
Our File No. P15188-14

TO:    New York City Police Officer Vincent DeSantis
        1 Police Plaza
        New York, NY 10038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EDELMIN AVILA-ALVAREZ,

        Plaintiff,

-against-

NEW YORK CITY POLICE OFFICER VINCENT DESANTIS,

        Defendant.

---

Index No.: CV 15-03740-JFB-AKT

**AMENDED VERIFIED COMPLAINT**

Plaintiffs, by his attorneys, **Ferro, Kuba, Mangano, Sklyar, P.C.**, complaining of the Defendant, respectfully allege, upon information and belief, as follows:

1. That at the time of the commencement of this action, Plaintiff resided in the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the County of Suffolk and State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That on February 12, 2014, and at all times herein mentioned, Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS was, and still is, an employee of a municipal corporation with its principal offices located at 1 Police Plaza, New York, NY 10038.

5. That prior hereto on May 9, 2014, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the New York City Police Officer Vincent DeSantis that thereafter said the City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and

within the time provided by law, this action was commenced.

6. That on September 17, 2014, pursuant to General Municipal Law 50(h), a hearing was held at the Comptroller's office.

7. That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

8. That on February 12, 2014, and at all times herein mentioned a premises existed in the County of Suffolk, State of New York with the address of 216 Broadway, Amityville, New York.

9. Upon information and belief, and at all times hereinafter mentioned and on or about February 12, 2014, Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS was and still is an employee, agent, and/or servant of the New York City Police Department.

10. That on February 12, 2014, and at all times herein mentioned, the New York City Police Department supervised the police officers and/or staff of the New York City Police.

11. That on February 12, 2014, the New York City Police Department set and enforced rules and regulations for the police officers which dealt with proper supervision, care and control of the public community.

12. That on February 12, 2014, the New York City Police Department set and enforced rules and regulations for Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS which dealt with proper supervision, care and control of the public community.

13. That on February 12, 2014, and at all times herein mentioned, it was the duty of the New York City Police Department to provide the public community at said premises with a reasonably safe environment and the premises in a reasonably safe condition.

14. That prior to February 12, 2014, the New York City Police Department knew Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS had vicious propensities.

15. That prior to February 12, 2014, the New York City Police Department knew

3

Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS had a bad disposition.

16. That prior to February 12, 2014, the New York City Police Department knew Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS was prone to reckless behavior.

17. That prior to February 12, 2014, Defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS was prone to violence.

18. That the New York City Police Department had a duty to use reasonable care in the hiring, investigating, employment, training, supervision and retention of NEW YORK CITY POLICE OFFICER VINCENT DESANTIS to find out whether he was competent to do their work without danger or harm to others.

19. On February 12, 2014, the Plaintiff EDELMIN AVILA-ALVAREZ was a lawful patron at the premise located at 216 Broadway, Amityville, New York.

20. That on February 12, 2014, while Plaintiff was a lawful patron at the premise located at 216 Broadway, Amityville, New York, and in particular in the store front of said premise, the Plaintiff was unreasonably and forcibly dragged out of the said store and was thrown to the cold ground/sidewalk by the off duty, Defendant, NEW YORK CITY POLICE OFFICER VINCENT DESANTIS who proceeded to stand on Plaintiff's left hand for an excessive period of time thereby causing Plaintiff to sustain severe and permanent injuries.

21. That by reason of the foregoing, defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS under the color of state law subjected and caused to be subjected plaintiff, EDELMIN AVILA-ALVAREZ to the deprivation of his rights, privileges and/or immunity secured by the Constitution of New York State and of the United States of America.

22. That by reason of the foregoing, defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS are liable to plaintiff under Title 42 of the United States Code including, but

not limited to, 42 U.S.C. 1981, 1983 and 1985, and 28 U.S.C. 1343.

23. That by reason of the foregoing, defendants NEW YORK CITY POLICE OFFICER VINCENT DESANTIS are liable to plaintiff under the New York State Constitution and all applicable laws, rules, codes and regulation.

24. That as a result of the injuries sustained by plaintiff compensatory and punitive damages are claimed against defendant NEW YORK CITY POLICE OFFICER VINCENT DESANTIS in amounts which exceed the jurisdictional limits of all lower courts which could otherwise have jurisdiction.

25. The above mentioned occurrence, and the results thereof were caused by the negligence of the Defendant and/or said Defendant's servants, agents, employees and/or licensees in the ownership, operation, designing, creating, management, maintenance, contracting, subcontracting, supervision, policing, authorizing use and control of the public community located at 216 Broadway, Amityville, New York in more particularly the New York Police Officer Vincent DeSantis, their agents, servants and/or employees, departments, agencies and those acting under their directions behest and control were negligent in failing to adequately train their employees; in failing to hire efficient personnel; in failing to follow proper procedures and protocol when apprehending plaintiff; in failing to properly ascertain claimant's identity before forcibly removing him from said store; in utilizing excessive and unreasonable force upon claimant; in negligently stopping and detaining claimant; in failing to ascertain claimant's identity before handcuffing him; in failing to provide for the safety of the Plaintiff; in allowing the police officers to ignore certain rules and regulations; in failing to train the police officers to enable them to control the public; in failing to adequately or properly apprehend the Plaintiff; in failing to keep said Plaintiff safe and properly supervised. At the time of the alleged incident the police officers involved were acting within the course of their employment; that the officers used excessive force and assaulted claimant and that said actions violated claimant's rights under 42 USC Section 1983 and all applicable state civil rights statutes.

26. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

27. That because of the above stated premises, Plaintiff EDELMIN AVILA-ALVAREZ was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

28. That by reason of the foregoing, the Plaintiff EDELMIN AVILA-ALVAREZ was damaged in an amount in excess of the jurisdictional limits of the lower courts.

**WHEREFORE**, Plaintiff EDELMIN AVILA-ALVAREZ demands judgment against the Defendants in an amount in excess of the jurisdictional limits of the lower courts, together with costs and disbursements of this action.

Dated: Hauppauge, New York
       August 18, 2015

Yours, etc.

_/s/ Rebecca Fortney_
FERRO, KUBA, MANGANO, SKLYAR, P.C.
BY: Rebecca J. Fortney
Attorneys for Plaintiff
825 Veterans Highway
Hauppauge, NY 11788
(631) 581-9494
Our File No. P15188-14

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF SUFFOLK )

Rebecca J. Fortney, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff in the action within; that deponent has read the foregoing SUPPLEMENTAL SUMMONS & AMENDED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff and is made by deponent is that plaintiff is not presently in the county where the attorneys for the plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

_____
REBECCA J. FORTNEY